IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SILICATO-WOOD PARTNERSHIP, LLC, | § § § § § § § § § § § § § § § | No. 408, 2018 |
| Defendant Below-Appellant, | | |
| v. | | Court Below: Superior Court of the State of Delaware |
| TWO FARMS, INC., | | C.A. No. K17C-09-010 |
| Plaintiff Below-Appellee. | | |

Submitted: August 29, 2018
Decided: September 27, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# O R D E R

Upon consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and the documents attached thereto, it appears to the Court that:

(1) The defendant below, Silicato-Wood Partnership, LLC ("SWP"), has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from an opinion of the Superior Court dated June 4, 2018 ("the Opinion") and an order dated July 11, 2018, denying SWP's motion for partial reargument. In relevant part, the Opinion granted the plaintiff Two Farms, Inc.'s motion to dismiss SWP's counterclaim seeking a declaratory judgment that SWP was entitled to judgment in its favor on Two Farms' fraud claim.

(2) On August 6, 2018, SWP filed an application for certification in the Superior Court to take an interlocutory appeal of that aspect of the Opinion dismissing SWP's counterclaim for declaratory judgment. SWP argued that the Superior Court's ruling, which concluded that the integration clause and due diligence provision in the parties' contract did not bar Two Farm's fraud claim, decided a substantial issue of material importance. SWP also argued that the interlocutory ruling decided an issue of first impression, that the trial courts in the State have issued conflicting decisions on the issue, and that interlocutory review could terminate the litigation and would otherwise serve considerations of justice. Two Farms filed a response in opposition on August 16, 2018.

(3) The Superior Court denied the certification application on August 22, 2018. In denying certification, the Superior Court concluded that the Opinion did not decide a substantial issue of material importance or otherwise satisfy any of the criteria for certifying interlocutory appeals under Rule 42.

(4) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[1] and the potential benefits

---

[1] Del. Supr. Ct. R. 42(b)(ii).

of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[2]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[2] *Id*. 42(b)(iii).